**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3571
_____

LOUIS PELLEGRINO; CHRISTINE PELLEGRINO, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY SITUATED,
                                                            Appellants

v.

STATE FARM FIRE AND CASUALTY COMPANY, INDIVIDUALLY AND
ON BEHALF OF ALL OTHER AFFILIATED INSURANCE COMPANIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-12-cv-02065
District Judge: The Honorable Mitchell S. Goldberg

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 7, 2014

Before: RENDELL, SMITH, and HARDIMAN, *Circuit Judges*

(Opinion Filed:  June 2, 2014)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Named plaintiffs Louis and Christine Pellegrino appeal the District Court's order granting State Farm Fire and Casualty Company's ("State Farm's") motion to dismiss the First Amended Class Action Complaint. For the reasons that follow, we will affirm.

I.

On March 10, 2011, the Pellegrinos suffered storm damage to their home, including damage to small portions of their roof and three faces of siding. Prior to this date, the Pellegrinos had obtained a homeowner's insurance policy from State Farm. This policy contained the following provision concerning coverage:

**1. A1 – Replacement Cost Loss Settlement – Similar Construction**

a. We will pay the cost to repair or replace with *similar construction . . . the damaged part of the property* covered under [a previous provision], subject to the following:

(1) until actual repair or replacement is completed, we will pay only the *actual cash value* at the time of the loss of *the damaged part of the property*, up to the applicable [policy] limit . . . , not to exceed the cost to repair or replace *the damaged part of the property*;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace *the damaged part of the property* . . . .

J.A. 142 (emphasis added). At the Pellegrinos' request, State Farm provided an estimate for the damage. In a section titled "Summary for Dwelling," the estimate

2

lists a "Replacement Cost Value" of $27,105.77. This value includes, *inter alia*, the cost to replace the damaged portions of the Pellegrinos' roof and siding; it does not include the cost to replace the entire roof and siding. From this "Replacement Cost Value," depreciation, general contractor overhead and profit on depreciation, and the Pellegrinos' deductible are subtracted to produce a "Net Actual Cash Value Payment" of $17,091.58.

The next section, titled "Maximum Additional Amounts Available If Incurred," lists a "Total Amount of Claim if Incurred" of $43,711.21. This value includes, *inter alia*, the cost to replace the Pellegrinos' entire roof and three entire faces of siding.[1] The cost of full replacement is classified as a "Paid When Incurred (PWI)" item. The term "Paid When Incurred" does not appear in the insurance policy, but is defined on this summary page as "items, which may not be necessary to the repair of your property damaged by a covered loss."

After receiving this estimate, the Pellegrinos chose not to undergo a full roof and siding replacement and seek reimbursement from State Farm. Instead, they filed a complaint in the Philadelphia Court of Common Pleas, alleging that State

---

[1]    As the District Court and State Farm note, the "Total Amount of Claim if Incurred" value does not technically include full replacement of all the shingles on the roof. Instead, it includes the cost of an alternative and costlier method of replacing the damaged shingles on the roof—a method that State Farm did not predict would be necessary. For the sake of simplicity, we will use the term "full replacement" of the roof to refer to this alternative method of replacing the damaged shingles.

Farm was required to pay them the cost of a full roof and siding replacement as part of the "Actual Cash Value Payment," regardless of whether these repairs were actually made. The complaint alleges that State Farm had determined that it was contractually obligated to replace the entire roof and the siding on three faces of the house because a partial repair could not be completed with "matching" materials. Despite this determination, the Pellegrinos argued, State Farm imposed an impermissible precondition to reimbursement by designating full-replacement costs as "PWI" and deducting them from the "Actual Cash Value Payment."

State Farm removed the action to the United States District Court for the Eastern District of Pennsylvania and moved to dismiss the complaint for failure to state a claim. The Pellegrinos amended their complaint on May 15, 2012, alleging that State Farm's refusal to pay them the full actual cash value of their loss constituted a breach of contract, bad faith, and a violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201–2(4)(xxi).

On July 29, 2013, the District Court granted State Farm's motion to dismiss the amended complaint, and held that "there is no duty upon State Farm, either within the contract or derived from Pennsylvania law, to provide its insureds with matching costs on an actual cash value basis prior to repair or replacement." J.A. 15–16. This timely appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1332(a) and 1367. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011).

## III.

For substantially the reasons advanced by the District Court, we agree that neither the contract nor state law imposes a duty upon State Farm to pay the cost of full replacement of the Pellegrinos' roof and siding as part of the "Actual Cash Value Payment." Further, we note that because State Farm has agreed to pay the costs of these repairs once they are contracted to be completed, there is no risk that the Pellegrinos will not be made whole or be burdened with the obligation of paying for the repairs up front. *See Kane v. State Farm Fire & Cas. Co.*, 841 A.2d 1038, 1050 (Pa. Super. Ct. 2003) (allowing insurer to deduct depreciation costs from its actual cash value payment when insurer agreed to pay such costs once the repairs were contracted to be completed). We also agree that allowing the Pellegrinos to recover the cost of replacing their entire roof and siding when they had no intention of undertaking these repairs would result in a "windfall" and produce "absurd results." J.A. 15 & n.4.

5

Accordingly, we conclude that the District Court properly dismissed the Pellegrinos' breach of contract claim. Because the Pellegrinos' bad faith and UTPCPL claims require proof that State Farm breached its contract, we conclude that the District Court properly dismissed these claims as well.

For the reasons stated above, we will affirm.